UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| LOVIE D. GRANT, | ) | |
|---|---|---|
| Plaintiff, | ) ) | Case No. 3:23-cv-00063 |
| v. | ) ) | Judge Eli J. Richardson |
| JOYCE FULTZ, et al., | ) ) | Magistrate Judge Barbara D. Holmes |
| Defendants. | ) ) | |

**ORDER**

Pending is Plaintiff Lovie D. Grant's Demand for Judgment which is construed as a motion for default judgment against all defendants. (Doc. No. 13). For the following reasons, the motion is **DENIED** without prejudice.

This case was initiated on January 23, 2023, when Plaintiff filed a Petition for Declaratory Judgment against Joyce Fultz, J. Phillip Jones, J. Phillip Jones Law Firm, Stewart Title Company, and Tish C. Baldwin (collectively, "Defendants"). (Doc. No. 1). A review of the record reveals that Plaintiff has not had summonses issued as to Defendants, nor have return of service affidavits or declarations been filed with the Court. On March 2, 2023, Plaintiff filed the pending motion. (Doc. No. 13).

A plaintiff must fulfill the procedural requirements of Federal Rule of Civil Procedure 55 and seek an entry of default pursuant to Rule 55(a) prior to seeking default judgment pursuant to Rule 55(b). *See* Fed. R. Civ. P. 55; *White v. Parker*, No. 1:11-CV-294-TRM-CHS, 2018 WL 1279545, at *3 (E.D. Tenn. Feb. 20, 2018). Plaintiffs must also comply with the requirements of Local Rule 55.01. Pursuant to Local Rule 55.01, motions for entry of default under Fed. R. Civ. P.

1

55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, proof of service and the opposing party's failure to plead or otherwise defend. L.R. 55.01. Plaintiff's motion fails to comply with either of these requirements.

Even if Plaintiff had initially filed a motion for entry of default and supporting declaration, there is no evidence that Plaintiff has properly served Defendants with summons and copies of the Petition for Declaratory Judgment as required by Federal Rule of Civil Procedure 4(c)(1). "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties, by default or otherwise. Proper service under Rule 4 is therefore a necessary prerequisite to entry of a default or a default judgment." *Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *3 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019) (internal citations omitted). "The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint and the burden is also on him to establish that proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (internal citations omitted). *See also Jones v. Volkswagen of America, Inc.*, 82 F.R.D. 334, 335 (E.D. Tenn. 1978). Plaintiff has not yet met this burden. As a result, Plaintiff's Demand for Judgment (Doc. No. 13) is **DENIED** without prejudice.

s/Lynda M. Hill<br>
Lynda M. Hill<br>
Clerk of Court